IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

H & K INVESTMENTS, LP,

Plaintiff, No. 2:12-cv-00938 LKK KJN PS

v.

EUGENE D. ERFE; DONALD ERFE, and DOES 1 to 10,

Defendants. ORDER and FINDINGS AND RECOMMENDATIONS

_______________________________/

Presently before the court is plaintiff's motion to remand this unlawful detainer action to the Superior Court of California for the County of San Joaquin ("Superior Court") (Dkt. No. 7).[1] Defendant Eugene D. Erfe failed to file a written opposition or any other response to plaintiff's motion to remand, and defendant Donald Erfe has not appeared in this action.

Because oral argument would not materially aid the resolution of the pending motion, this matter is submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g). Having reviewed the moving papers and record in this case, the undersigned recommends that plaintiff's motion to remand be granted and that this case be

[1] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

remanded to the Superior Court on the grounds that this court lacks federal subject matter jurisdiction over plaintiff's unlawful detainer claim.

I. BACKGROUND

On or around February 22, 2012,[2] plaintiff initiated a "limited civil" action[3] in the Superior Court by filing a complaint entitled "Complaint For Unlawful Detainer And Monetary Damages," which noted that the "Amount Demanded Does Not Exceed $10,000" ("Complaint"). (Compl. at 1, attached as Ex. A to Notice of Removal.) Plaintiff filed its case seeking to recover possession of the subject residential property located in Stockton, California. (Id. ¶ 1.)

The Complaint alleges that plaintiff purchased the property at a trustee's sale on February 8, 2012, and that "[p]laintiff's title has been duly perfected." (Compl. ¶ 4.) Plaintiff recorded a Trustee's Deed Upon Sale with the San Joaquin County Recorder's office on February 15, 2012. (Id. ¶ 5 & Exs. "1 & 2.")

Defendant Eugene Erfe appears to have been the former owner of the property, and both defendants resided at the property. (See Demurrer to Compl. at 5, attached as Ex. B to Notice of Removal.) Plaintiff alleges that on February 11, 2012, it provided defendants with a notice to vacate the premises and deliver possession of the property within three days. (See Compl. ¶ 6 & Ex. 3.) Plaintiff alleges that defendants failed to timely vacate and deliver possession of the property and continue to possess and occupy the property. (Id. ¶¶ 3, 7-8.) Through this action, plaintiff seeks: (1) possession of the subject property; (2) unpaid rental damages at a rate of $40 per day from February 14, 2012, through the entry of judgment; and (3) statutory damages of $600. (Compl. at 3.)

---

[2] The date stamp on both the complaint and summons is illegible. (See Notice of Removal, Ex. A at 1, 3.) However, the summons appears to have been dated February 22, 2012, by a deputy clerk of the Superior Court, and the complaint is dated February 22, 2012. The summons appears to indicate that it was served by personal delivery on March 3, 2012.

[3] A limited civil action in the California Superior Courts is one where the "whole amount of damages claimed is twenty-five thousand dollars ($25,000) or less." See Cal. Civ. Proc. Code § 86(a)(4).

Eugene Erfe filed a demurrer to the Complaint in the Superior Court on March 7, 2012, arguing that the notice to quit served by plaintiff was defective. (See generally Demurrer, attached as Ex. B to Notice of Removal.) The Notice of Removal asserts that the demurrer was "based on a defective notice, i.e., the Notice to Occupants to Vacate Premises, failed to comply with The Protecting Tenants at Foreclosure Act [12 U.S.C. §5220]." (Notice of Removal ¶ 8.) Eugene Erfe later filed an answer to the Complaint. (Answer, attached as Ex. B to Notice of Removal.) In its motion to remand, plaintiff represents that the Superior Court overruled Eugene Erfe's demurrer and entered a default judgment as to defendant Donald Erfe (Pl.'s Memo. of P. & A. In Supp. of Mot. to Remand at 1), but those representations are not supported by evidence or a declaration. The Notice of Removal represents that the Superior Court "did not sustain the demurrer," but this representation is also not supported by evidence or a declaration. (Notice of Removal ¶ 9.) In any event, the resolution of the demurrer and the entry of a default judgment are not material to the resolution of the motion to remand.

Eugene D. Erfe removed this unlawful detainer action on April 11, 2012, pursuant to 28 U.S.C. § 1441(a), asserting that this court has subject matter jurisdiction over plaintiff's claim pursuant to 28 U.S.C § 1331.[4] (Notice of Removal ¶¶ 5-6, 10.) Defendant Donald Erfe did not join in the removal and has not appeared in this case following its removal to federal court. Eugene Erfe asserts that "[f]ederal question jurisdiction exists because Defendants' demurrer, a pleading depend on the determination of Defendants' rights and Plaintiff's duties under federal law." (Id. ¶ 10.) The implication of Eugene Erfe's statement appears to be that he believes this case was removable because of his defense to the unlawful detainer action premised on the adequacy of the notice to quit under the Protecting Tenants at Foreclosure Act.

On April 13, 2012, plaintiff filed its motion to remand, arguing that this court

[4] Eugene Erfe's Notice of Removal does not assert that this court can exercise subject matter jurisdiction over plaintiff's unlawful detainer claim based on the diversity jurisdiction statute, 28 U.S.C. § 1332(a).

lacks subject matter jurisdiction over its single unlawful detainer claim. As noted above, Eugene Erfe failed to oppose or otherwise respond to the motion to remand, and Donald Erfe has not yet appeared in federal court.

II. LEGAL STANDARDS

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert. denied, 131 S. Ct. 65 (2010). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (citation and quotation marks omitted).

Additionally, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter. Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.,346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

////

III. DISCUSSION

Eugene Erfe's Notice of Removal asserts that removal is proper on the basis of the court's federal question jurisdiction. (See Notice of Removal ¶¶ 5-6, 10.) For the reasons that follow, the undersigned concludes that this court lacks subject matter jurisdiction over plaintiff's claim.

Before addressing the question of subject matter jurisdiction, however, the undersigned notes that Eugene Erfe's removal of the unlawful detainer case to this court is facially defective because Donald Erfe did not join in the removal, and there is no evidence in the record that suggests Donald Erfe consented to the removal. A general rule referred to as the "rule of unanimity" provides that "all defendants must consent to or join in a removal" of a case to federal court. Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 933 (9th Cir. 2010) (citing Chicago Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900)); accord Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009); see also 28 U.S.C. § 1446(b)(2)(A). Nevertheless, because certain exceptions to the rule of unanimity exist,[5] and the record is rather underdeveloped, the undersigned does not recommend the remand of this case on the basis of the rule of unanimity and proceeds to evaluate the court's subject matter jurisdiction.

Turning to the question of jurisdiction, district courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086,

---

[5] For example, the removing defendant need not obtain the consent of the remaining defendants who have not been served with process in the case. Salveson v. W. States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves."), superseded by statute on unrelated grounds, as noted in Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 n.3 (9th Cir. 1988); accord Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091; see also Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint."). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*. Jurisdiction is based on the complaint as originally filed . . . ." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted).

Here, plaintiff filed its Complaint in the Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint. See, e.g., U.S. Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

Despite the fact that Eugene Erfe failed to oppose plaintiff's motion to remand, the undersigned briefly addresses the suggestion in the Notice of Removal that this court has subject matter jurisdiction over plaintiff's claim because plaintiff's three-day notice to vacate the premises allegedly violated the Protecting Tenants At Foreclosure Act of 2009, Pub. L. No.

111-22, § 702, 123 Stat. 1660 (2009) (the "Act"). (See Notice of Removal ¶¶ 8-10.) Insofar as defendant's argument is concerned, the Act provides protections to tenants who reside in properties subject to foreclosure, including the requirement that a 90-day notice to vacate be given to bona fide tenants. See SD Coastline LP v. Buck, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *1 (S.D. Cal. Nov. 19, 2010) (unpublished).

As an initial matter, it does not appear that Eugene Erfe was a bona fide tenant who resided in a foreclosed property. Instead, his demurrer admits that he is the former owner of the subject property who was subjected to foreclosure proceedings. Accordingly, it is questionable whether the Act even applied to Eugene Erfe.

In any event, federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the Act. See, e.g., Parkland Sec., Inc. v. Carey, Civ. No. S-11-3281 GEB GGH PS, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012) (unpublished), adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (unpublished); SD Coastline LP, 2010 WL 4809661, at *2-3; Aurora Loan Servs., LLC v. Martinez, No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (unpublished). Such rejection is based on the fact that an argument relying on the Act's notice provision is an attempt to premise this court's subject matter jurisdiction on a defense or a counterclaim. An anticipated defense or counterclaim cannot establish a federal question because such a defense or counterclaim does not appear on the face of the complaint.[6] See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (stating that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); accord Takeda v.

[6] Additionally, federal district courts have concluded that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but provides directives to state courts. See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, No. CIV S-10-1617 MCE EFB PS, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (unpublished).

Nw. Nat'l Life Ins Co., 765 F.2d 815, 822 (9th Cir. 1985); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); SD Coastline LP, 2010 WL 4809661, at *2-3 (concluding that unlawful detainer defendant's claim or defense based on the Protecting Tenants at Foreclosure Act of 2009 cannot serve as a basis for removal jurisdiction).

In short, no federal question is present on the face of plaintiff's Complaint. Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over plaintiff's single claim for unlawful detainer brought pursuant to California law.

IV. CONCLUSION

As stated above, IT IS HEREBY ORDERED that plaintiff's motion to remand is submitted without a hearing, and the May 17, 2012 hearing on plaintiff's motion is VACATED.

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand (Dkt. No. 7) be granted and that this matter be remanded to the Superior Court of California, County of San Joaquin.

2. This case be closed and all dates vacated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d).

////

////

////

Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED: May 9, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE